UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| **Anthony B. Burnside**, # 259648, <br> *aka Anthony Bernard Burnside*, <br>                               Plaintiff, <br> vs. <br> Kenneth B. Weedon, Assoc. Warden, <br>                               Defendant. | C/A No. 6:06-2208-HMH-WMC <br><br> **Report and Recommendation** |

      This is a civil rights action filed *pro se* by a state prison inmate.[1]  In addition to the Complaint, Plaintiff has filed financial documents indicating a desire on his part to file this case without paying the full filing fee.  (Entry 2).  It may be judicially noticed that, under most circumstances, Plaintiff is precluded from filing cases in this Court without paying the full filing free because he has, in the past, filed three or more frivolous lawsuits in this Court.  *See* Civil Action Nos. 6:06-620-HMH; 6:06-423-HMH; 6:05-2212-HMH; 6:04-939-HMH; *see also* <u>Aloe Creme Laboratories, Inc. v. Francine Co.</u>, 425 F.2d 1295, 1296 (5th Cir. 1970) (This Court may take judicial notice of its own records.).  In other words, Plaintiff has "struck out" under the provisions of the Prison Litigation Reform Act [PLRA].  28 U.S.C. § 1915(g).

      A review of the Complaint filed by Plaintiff in this case makes it clear that Plaintiff should not be permitted to pursue this case in this Court.  The Complaint does not disclose that Plaintiff "is under imminent danger of serious physical injury" from Defendant's actions.

---

[1] Pursuant to 28 U.S.C. §636(b)(1), and Local Rule 73.02(B)(2)(e), D.S.C., this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court.  *See also* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

Plaintiff complains only about the response he received from Defendant in connection with Plaintiff's loss of a job that he had been doing while incarcerated.  His allegations make no mention whatsoever of any physical injury or even of any potential physical harm resulting from Defendant's actions, and, as a result, he cannot show that this case falls within the three-strikes' "imminent physical injury" exception.

The "three strikes provision" was enacted by Congress in an attempt to prevent frivolous litigation from clogging the dockets of federal courts.  Under this provision, prisoners who have filed prior frivolous cases in a federal court are barred from pursuing certain types of civil rights litigation.  See Senate Select Committee on Presidential Campaign Activities v. Nixon, 366 F. Supp. 51, 55 n.6 (D. D.C. 1973)("When it comes to the jurisdiction of the federal courts, truly to paraphrase the scripture, the Congress giveth and the Congress taketh away.").  The United States Court of Appeals for the Second Circuit has held that in using the present tense in § 1915(g) and also the term "imminent" (meaning "impending"), Congress intended that "the danger must exist at the time the complaint is filed."  The "imminent danger" exception does not apply to "those harms that had already occurred." The Second Circuit also noted unanimity among the federal circuits addressing this issue.  Malik v. McGinnis, 293 F. 3d 559, 561-562 (8th Cir. 2002), citing Abdul-Akbar v. McKelvie, 239 F. 3d 307, 323 (3rd Cir. 2001), Medberry v. Butler, 185 F. 3d 1189, 1193 (11th Cir. 1999), and Banos v. O'Guin, 144 F. 3d 883, 884 (5th Cir. 1998).  Additionally, it clearly does not apply where no danger has even been alleged.  Because Plaintiff's allegations in this case do not show that Plaintiff is in "imminent danger of serious physical harm" from any of the matters alleged, it is not necessary for the Court to reach

any of the issues arguably raised in this case as this action is subject to dismissal under the "three strikes" provision of 28 U.S.C. § 1915(g)(the Prison Litigation Reform Act).[2]

## Recommendation

Accordingly, it is recommended that the District Court dismiss the Complaint in this case *without prejudice* and without issuance and service of process. *See* Denton v. Hernandez; Neitzke v. Williams; Haines v. Kerner; Brown v. Briscoe, 998 F.2d 201, 202-04 & n. * (4th Cir. 1993); Boyce v. Alizaduh; Todd v. Baskerville, 712 F.2d at 74; *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). Plaintiff's attention is directed to the important notice on the next page.

s/William M. Catoe
United States Magistrate Judge

August 14, 2006
Greenville, South Carolina

---

[2]28 U.S.C. § 1915(g) provides:

> (g) in no event shall a prisoner bring a civil action or appeal a judgement in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, *unless the prisoner is under imminent danger of serious physical injury.*

(emphasis added).

3

## Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
## &
## The Serious Consequences of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of service. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-71 (1976); Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the period for filing objections, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** *See* Keeler v. Pea, 782 F. Supp. 42, 43-44 (D.S.C. 1992); Oliverson v. West Valley City, 875 F. Supp. 1465, 1467 (D. Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. *See* Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991); *see also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard,, the court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"; which involved a *pro se* litigant); Goney v. Clark, 749 F.2d 5, 7 n. 1 (3d Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). **This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections.** *See* Wright v. Collins; Small v. Secretary of HHS, 892 F.2d 15, 16 (2d Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**Post Office Box 10768**
**Greenville, South Carolina 29603**